In re EASTERN ELECTRIC SALES CO, INC. t/a Aetna Insulated Wire Co. (Jointly Administered with Lux Cable Company, Debtor.

Bankruptcy No. 86–03206G.

United States Bankruptcy Court, E.D. Pennsylvania.

Oct. 28, 1986.

As Amended Dec. 8, 1986.

Marvin Krasny, Adelman Lavine Krasny Gold & Levin, Philadelphia, Pa., for debtor.

Jami Wintz McKeon, Morgan, Lewis & Bockius, Philadelphia, Pa., for objector, Philadelphia Nat. Bank.

**546**

## MEMORANDUM OPINION

EMIL F. GOLDHABER, Chief Judge:

Pursuant to Local Bankruptcy Rule 4002.1, counsel for the above debtor in possession sent timely notice to the debtor's creditors advising them that, barring objection, the debtor in possession proposed to pay designated compensation to certain of its employees. Included among said employees was one Louis C. Goodfarb, a major shareholder of the debtor who requested $432,928.00 per annum, "for consultation with the (debtor) in major policy decisions concerning financial purchaser, sales, marketing, etc. Said compensation is the same as he received 90 days prior to the inception of these proceedings." The aforesaid Rule further provides that any objecting creditor may file a written objection with the Clerk, who will schedule a hearing thereon. The attorneys for the Philadelphia National Bank object.

In the first place, Mr. Goodfarb is hardly in a position to give his full time to the debtor's business affairs since he is presently occupied (full time) as a resident of the Allenwood Federal Penitentiary. He writes us that, since he is "consulted (telephonically or by smoke signals, we assume) on all major policy decisions he feels that he should not be required to take any reduction in compensation." The compensation he seeks, appears to us to be pretty good pay, for one being punished, albeit in a minimum security container. The secured creditor obviously feels the same way. Accordingly, our order, sustaining the objections, follows.

## ORDER

AND NOW, to wit, this 28th day of October, 1986, upon consideration of the request of Louis C. Goodfarb, to pay him compensation, and the objections of the Philadelphia National Bank thereto, and after argument thereon before this court, it is hereby

ORDERED and DECREED that the objections of the Philadelphia National Bank are SUSTAINED and the request for compensation is DENIED.